UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BIDZINA ARDAZISHVILI,

Petitioner,

- against-

KENNETH GENALO, *et al.*,

Respondents.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-6037 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On September 29, 2026, petitioner Bidzina Ardazishvili ("Petitioner") filed a petition for a writ of habeas corpus and complaint for declaratory and injunctive relief against respondents Kenneth Genalo, in his official capacity as Field Office Director for the New York City Field Office of U.S. Immigration and Customs Enforcement ("ICE"), Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, and Todd Blanche, in his official capacity as the Acting Attorney General of the United States ("Respondents"). *See generally* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Petitioner challenges ICE's attempts to detain and remove him while appellate review of his final order of removal is pending at the United States Court of Appeals for the Second Circuit ("Second Circuit") as unlawful under the Fifth Amendment of the U.S. Constitution ("Fifth Amendment") and the Administrative Procedure Act ("APA"). *Id.* ¶¶ 32, 35, 39. Petitioner seeks a stay of his removal from the United States pending the adjudication of his appeal and a declaration that Respondents' actions violated the Due Process Clause of the Fifth Amendment and the APA. *See id.* ¶¶ 4, 40.

For the following reasons, the Petition is denied.

## BACKGROUND

Petitioner is a native and citizen of Georgia. Pet. ¶ 9. Petitioner applied for entry to the United States at the port of entry in Laredo, Texas in May 2019, requesting asylum, where he was then referred to U.S. Customs and Border Protection ("CBP") to be interviewed and processed. *Id.* at 76, Exhibit G (Affidavit of Bidzina Ardazishvili and Maka Gharibashvili)[1]; Declaration of Gilda Fasce ¶ 3, Dkt. 8 ("Fasce Decl.")[2]; *see also* Respondents' Memorandum of Law in Response to the Order to Show Cause (October 6, 2026) at 3, Dkt. 7 ("Return"). On May 18, 2019, Petitioner was processed for expedited removal under the Immigration and Nationality Act, and CBP prepared an Expedited Removal Order, Form I-860, charging Petitioner as "an alien who, at the time of application of admission, was not in possession of a[sic] valid entry documents." Return at 3; *see also* Fasce Decl. ¶ 4. On May 20, 2019, Petitioner was transferred to ICE at the Rio Grande Detention center in Laredo, Texas pending his expedited removal. Fasce Decl. ¶ 5. There, U.S. Citizenship and Immigration Services conducted an asylum interview and issued a positive credible fear finding and Notice to Appear, Form I-862. *See id.* ¶¶ 5-6.

On August 10, 2019, the Department of Homeland Security ("DHS") commenced removal proceedings against Petitioner. *See* Pet. ¶ 13. On September 4, 2019, ICE released Petitioner on bond. Fasce Decl. ¶ 7; *see also* Fasce Decl., Exhibit A, Dkt. 8-1 ("Immigration Bond").

On April 14, 2026, a United States Immigration Judge ("IJ") ordered Petitioner's removal. Fasce Decl. ¶ 9. On May 28, 2026, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"), along with a Motion to Accept Late-Filed Notice of Appeal. *Id.* ¶ 10; Pet. ¶ 18. On July 22, 2026, the BIA dismissed Petitioner's appeal. Fasce Decl. ¶ 10*; see*

[1] When citing to exhibits within the Petition, the Court refers to the page numbers contained in the automatically generated ECF header.

[2] The Fasce Decl. incorrectly states that Petitioner applied for entry in May 2009, as opposed to May 2019.

*also* Fasce Decl., Exhibit B, Dkt. 8-2 ("BIA Decision").[3] The BIA found Petitioner's appeal untimely, and denied Petitioner's motion to accept late appeal, reasoning Petitioner had "not shown due diligence and extraordinary circumstances that warrant equitable tolling of the time for filing an appeal." *Id.* at 4. On July 27, 2026, Petitioner filed a Motion to Reconsider with the BIA pursuant to 8 C.F.R. § 1003.2(b). Pet ¶ 22.

On or about August 20, 2026, ICE issued a Notice to Obligor to Deliver Alien, Form I-340, informing Petitioner that an IJ had issued an order of removal and directing Petitioner to surrender to ICE for removal from the United States on September 30, 2026. Fasce Decl.¶ 11. On August 21, 2026, Petitioner filed a Petition for Review and a motion to stay removal with the Second Circuit. *Id.* ¶ 12. On October 6, 2026, the Second Circuit struck Petitioner's motion to stay as defective and issued an order tolling Petitioner's case so that Petitioner and the Government may determine if remand to the BIA is warranted. *See* Fasce Decl., Exhibit C, Dkt. 8-3 ("Second Circuit Order"); Order, *Ardazishvili v. Blanche*, 26-2377 (2d Cir. Oct. 6, 2026), Dkt. 22.

According to Respondents, Petitioner did not appear for removal on September 30, 2026, as directed by the August 20, 2026 Form I-340, and ICE has not issued a new Form I-340. Fasce Decl. ¶¶ 14-15.

Petitioner is not currently detained by ICE. *Id.* ¶ 16

**DISCUSSION**

Respondents assert that Petition should be dismissed on multiple independent grounds, most notably lack of subject-matter jurisdiction. *See* Return at 5-6. Specifically, Respondents contend that this Court lacks jurisdiction over the Petition's claims because "[t]his habeas petition seeks a stay of removal, and Congress has barred review to that end," Return at 5, and that the

[3] When citing to the BIA Decision, the Court refers to the page numbers contained in the automatically generated ECF header.

jurisdictional bar to habeas review similarly precludes this Court's authority to review both the Petition's Fifth Amendment and APA claims, Return at 15-16. Petitioner contends that "[t]he jurisdiction-channeling provisions of 8 U.S.C. § 1252 do not bar this petition" because his "claims arise from independent constitutional and regulatory violations: the deprivation of any meaningful opportunity to obtain review of his removal order through no fault of his own, and detention and transfer that are unauthorized and arbitrary." Petition ¶ 6.

As amended by the REAL ID Act of 2005, 8 U.S.C. § 1252 ("Section 1252") strips federal district courts of jurisdiction over habeas corpus petitions that challenge final orders of removal. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007). The plain language of Section 1252 precludes district courts from exercising jurisdiction over direct challenges to removal orders, and the Second Circuit has interpreted the statute even more expansively, holding that "section 1252(a)(5)'s jurisdictional bar applies equally to preclude . . . indirect challenge[s]" as well. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam); 8 U.S.C. §§ 1252(a)(5), (b)(9).

Consistent with *Delgado* and the Second Circuit's more recent decision in *Ozturk v. Hyde*, 136 F.4th 382, 399-401 (2d Cir. 2025), district courts in this Circuit routinely hold that they lack jurisdiction to grant habeas petitions that indirectly challenge final orders of removal. *See, e.g.*, *Rodriguez v. Warden in Charge of ICE Det.*, 26-CV-4549, 2026 WL 2606929, at *1 (E.D.N.Y. Sept. 2, 2026) (holding that habeas petition was jurisdictionally barred, that Section 1252 precludes district courts from exercising jurisdiction over direct challenges to removal orders, and that §§ 1252(a)(5) and 1252(b)(9) apply equally to preclude indirect challenges, as well); *Hernandez v. Mullin*, 26-CV-3340 (OEM), 2026 WL 1694286, at *1-3 (E.D.N.Y. June 11, 2026) (denying habeas petitioner's request for release and alternative request for a custody determination before a

neutral decision maker, and finding that by seeking those forms of relief, the petitioner was "indirectly challenging his removal order and therefore trigger[ed] the Section 1252 jurisdictional bar"); *Morales Jimenez v. Shanahan*, 26-CV-1501 (BMC), 2026 WL 1309291, at *2-3 (E.D.N.Y. May 13, 2026) (denying habeas petitioner's request for release and an order enjoining ICE from re-detaining him absent lawful authority, as well as his alternative request for a bond hearing, due to the jurisdictional bar created by the petitioner's reinstated removal order); *Villatoro v. Shanahan*, 26-CV-1210 (AMD), 2026 WL 948297, at *3 (E.D.N.Y. Apr. 7, 2026) (denying habeas petitioner's request for relief and noting "courts have determined that requests to stay removal orders are indirect challenges to those orders"); *Sauceda Henriquez v. Noem*, 25-CV-7023-LDH, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (denying a habeas petitioner's request for release and for a stay of the final order of removal, and noting that "a challenge to a petitioner's detention, following an order of removal, constitutes such an indirect challenge to an order of removal" that is precluded by Section 1252(a)(5) and Section 1252(b)(9)).

The Section 1252 jurisdictional bar applies regardless of whether the relief sought by a petitioner is predicated on a constitutional or statutory violation. *See Delgado*, 643 F.3d at 55 (holding petitioner could not bring constitutional or APA claims in district court to challenge a removal order because Section 1252(a)(5) divests district courts of jurisdiction over challenges to removal orders); *Villatoro v. Noem*, 25-CV-05306 (OEM), 2025 WL 2880140, at *3 (E.D.N.Y. Oct. 9, 2025) (holding that in seeking a stay of removal under the APA a petitioner is "indirectly challenging his removal order and therefore triggers the Section 1252 jurisdictional bar" and that seeking said stay under the Fifth Amendment is likewise barred by Section 1252).

Here, as an initial matter, Petitioner was ordered removed by an IJ on April 14, 2026, and subsequently, on July 22, 2026, when the BIA dismissed Petitioner's appeal, that order of removal

became "final" and subject to the jurisdictional bar of Section 1252. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . (a) Upon dismissal of an appeal by the Board of Immigration Appeals"); *see also Deng Gao v. Wolf*, 19-CV-2447 (EK)(LB), 2020 WL 6727775, at *1 (E.D.N.Y. Nov. 16, 2020) (noting that petitioner's removal order became final when BIA dismissed his appeal). Petitioner does not deny that he is subject to a final order of removal. *See, e.g.*, Pet. ¶ 5. Moreover, although Petitioner is not currently detained, a "final order of removal is sufficient, by itself, to establish the requisite custody" for a petition for writ of habeas corpus. *Simmonds v I.N.S*, 326 F.3d 351, 354 (2d Cir. 2003).

Turning to the substance of the relief Petitioner is seeking, Petitioner seeks an order staying his removal from the United States while his Motion to Reconsider is pending before the BIA and his petition for review of the final order of removal is pending before the court of appeals. Pet. ¶¶ 1, 40. Petitioner alleges this relief is warranted to protect his Fifth Amendment right to due process and his rights under the APA. *See id.* ¶¶ 4, 29-30, 37-39. In seeking this relief, Petitioner is indirectly challenging his final order of removal and therefore triggers the Section 1252 jurisdictional bar. "Since District Courts cannot review removal orders, they also cannot consider requests for stays of removal." *Joseph v. U.S. Att'y Gen.*, 17-CV-5008 (PKC), 2017 WL 6001776, at *1 (E.D.N.Y. Dec. 4, 2017); *see also Oriakhi v. Dep't of Homeland Sec.*, 762 F. Supp. 3d 183, 186 (E.D.N.Y. 2025), *aff'd*, 25-243-CV, 2026 WL 303642 (2d Cir. Feb. 5, 2026) (denying a petitioner's motion to stay deportation and stating that, pursuant to Section 1252(a)(5), "this Court cannot adjudicate his claims because it does not have jurisdiction over any challenge to a removal order that has not been disturbed."); *Mamadjonova v. Barr*, 9-CV-1317 (VLB), 2019 WL 6174678, at *6 (D. Conn. Nov. 20, 2019) ("[B]ecause [the petitioner] seeks to have the Court stay his

removal . . . i.e. not being removed, the Court, after *Delgado*, does not have subject matter jurisdiction to hear this challenge."). Any relief Petitioner seeks in relation to the final order of removal is within the jurisdiction of the court of appeals and not this Court. *See* 8 U.S.C. § 1252(a)(5).

Because the Court holds it lacks jurisdiction to order the stay of Petitioner's final order of removal or issue an associated declaratory judgment, the Court does not address Respondents' alternative arguments for denying the Petition's claims.

**CONCLUSION**

For the foregoing reasons, the Petition is denied for lack of jurisdiction. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

October 15, 2026
Brooklyn, New York